| | | | |
|---|---|---|---|
| Case No. | **CV 19-5936-CBM (KK)** | Date: | August 2, 2019 |
| Title: | *Marcus R. Ellington, Sr. v. Warden* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim

## I.
## INTRODUCTION

On June 27, 2019, Petitioner Marcus R. Ellington ("Ellington"), an inmate at California State Prison – Los Angeles County in Lancaster, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. See Dkt. 1, Pet. While the relief being sought is unclear, Ellington argues he was denied due process and his right to present a defense at his preliminary hearing when the trial court denied his request "to use the transcripts from [a previous preliminary hearing in a different case] of the same subject matter and parties to impeach the prosecution[']s witness." Id. at 4-5. Ellington raises the following two claims: (1) the California Court of Appeal and the California Supreme Court denied him due process when his state habeas petition regarding his preliminary hearing was denied "due to it not being accompanied by the record of the lower court"; and (2) he was denied due process because the "lower courts" failed to meaningfully consider his state habeas petition regarding his preliminary hearing. Id. at 5-7. As discussed below, the Court orders Ellington to show cause why his Petition should not be summarily dismissed for failure to state a cognizable habeas claim.

///

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# II.
# BACKGROUND

On October 4, 2017, after a jury trial in Los Angeles County Superior Court, Ellington was convicted of "criminal threat, weapon possession and sexual battery." Dkt. 1 at 2. On April 20, 2018, Ellington was sentenced to "25 to life for criminal threat; 25 to life for weapon possession; [and] time served for sexual battery; & five year enhancement." Id.

On May 10, 2018, Ellington, through counsel, appealed his conviction and sentence in a direct appeal to the California Court of Appeal. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2251219&doc_no=B289935&request_token=NiIwLSIkTkw3WzBJSCMtWExJUEA6USxTKyBOIzlSICAgCg%3D%3D (last updated 8/1/2019 at 11:32 AM). Oral argument is currently set for August 7, 2019. Id.

On September 12, 2018, Ellington, proceeding pro se, filed a state habeas corpus petition in the California Supreme Court. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2263013&doc_no=S251271&request_token=NiIwLSIkTkw3WzBJSCM9SE5IUEA0UDxTJiJOTz1TICAgCg%3D%3D (last updated 8/1/2019 at 1:32 PM). On February 20, 2019, the California Supreme Court summarily denied the petition. Id.

On March 8, 2019, Ellington, through counsel, filed a state habeas corpus petition in the California Court of Appeal, which is currently pending. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2280635&doc_no=B296112&request_token=NiIwLSIkTkw3WzBJSCM9UEpIQDg6USxTKiM%2BQztTUCAgCg%3D%3D (last updated 8/1/2019 at 12:32 PM).

On March 28, 2019, Ellington, proceeding pro se, filed a state habeas corpus petition in the California Court of Appeal. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2282416&doc_no=B296569&request_token=NiIwLSIkTkw3WzBJSCM9UE5IMEQ6USxTKiM%2BUzxRICAgCg%3D%3D (last updated 8/1/2019 at 12:32 PM). On April 12, 2019, the Court of Appeal denied the petition. Id.

On June 19, 2019, Ellington, proceeding pro se, filed a state habeas corpus petition in the California Court of Appeal. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2289573&doc_no=B298443&request_token=NiIwLSIkTkw3WzBJSCM9SElIUEg6USxTKiBeVz5TQCAgCg%3D%3D (last updated 8/1/2019 at 1:32 PM). On July 12, 2019, the Court of Appeal denied the petition. Id.

On June 24, 2019, Ellington, proceeding pro se, filed a state habeas corpus petition in the California Court of Appeal. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2290023&doc_no=B298610&request_token=NiIwLSIkTkw3WzBJSCM9SEhIQDw6USxTKiBeXztTMCAgCg%3D%3D (last updated 8/1/2019 at 1:32 PM). On July 12, 2019, the Court of Appeal denied the petition. Id.

On June 27, 2019, Ellington constructively filed the instant Petition. Dkt. 1.

///

# III.
# DISCUSSION

### A. Applicable Law

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

Although many states employ preliminary hearings to evaluate probable cause, it is "well settled" "that there is no fundamental right to a preliminary hearing." Howard v. Cupp, 747 F.2d 510, 510 (9th Cir. 1984) (citation omitted), cert. denied, 471 U.S. 1021, 105 S. Ct. 2030, 85 L. Ed. 2d 312 (1985). Even the complete deprivation of a preliminary hearing would not require the vacating of a subsequent conviction. See Gerstein v. Pugh, 420 U.S. 103, 118-25, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975) (no constitutional right to a preliminary hearing); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986) ("[A] prior judicial determination of probable cause is not a prerequisite to prosecuti[o]n by information."). Accordingly, "a petitioner in custody as a result of a conviction cannot obtain federal habeas relief based on alleged errors occurring at a preliminary hearing." Vargas v. Yarborough, No. CV 04-1949-GHK (JEM), 2010 WL 5559766, at *27 (C.D. Cal. Nov. 8, 2010), report and recommendation adopted, 2010 WL 5300938 (C.D. Cal. Dec. 15, 2010).

### B. Analysis

Here, Ellington fails to raise a cognizable habeas claim because he does not allege he is in custody in violation of the Constitution or laws or treaties of the United States. Rather, Ellington challenges the state courts' failure to properly consider his claim that he was denied due process at his preliminary hearing when he was not permitted to cross-examine the prosecution's witness. However, the inability to cross-examine a witness at a preliminary hearing fails to state a cognizable claim on federal habeas review. See Johnson v. Brazelton, No. EDCV 12-2123 SJO (JC), 2015 WL 3405426, at *6 (C.D. Cal. May 21, 2015)(A challenge "to the veracity of testimony presented at the preliminary hearing . . . is not cognizable on federal habeas review"); Colbert v. Yates, No. EDCV06-652-JSL (PJW), 2008 WL 942842, at *5 (C.D. Cal. Apr. 4, 2008) (claimed inability to cross-examine a witness at the preliminary hearing fails to state a claim cognizable on federal habeas review). This action, therefore, appears subject to summary dismissal for failure to raise a cognizable habeas claim.

# IV.
# ORDER

Thus, the Court **ORDERS** Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining why Petitioner's claims are cognizable on habeas review. If Petitioner contends his claims are cognizable on habeas review, Petitioner must explain and attach any supporting documents. In addition, the Court warns Petitioner that habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct.

793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2). It appears, however, Petitioner may have additional unexhausted claims currently pending before the California Court of Appeal. Therefore, in Petitioner's response, he shall clearly state whether he intends to raise any additional claims challenging his conviction in the instant Petition.[2]

2. Alternatively, Petitioner may voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form**. The Court warns Petitioner that any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss this action with prejudice for failure to state a cognizable habeas claim and/or failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

---

[2] Petitioner is cautioned the inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Therefore, if Petitioner seeks to raise any additional unexhausted claims in the instant Petition he may also seek a stay under Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines stay") or Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) ("Kelly stay"). However, if he requests a stay and the Court denies the request, the Court will dismiss the Petition for failure to exhaust state remedies.